Filed 7/20/26  Obiora v. PWxyz CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NOEL A. OBIORA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PWxyz, LLC,<br><br>    Defendant and Respondent. | B349757<br><br>(Los Angeles County Super. Ct. No. 24STCV03117) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Maureen Duffy-Lewis, Judge.  Affirmed.

Noel A. Obiora, self-represented litigant, for Plaintiff and Appellant.

Milord Law Group, Milord A. Keshishian and Shannon Skrzynski, for Defendant and Respondent.

# I. INTRODUCTION

Plaintiff Noel Obiora appeals from the trial court's order awarding attorney fees to defendant PWxyz, LLC (defendant) after granting its Code of Civil Procedure section 425.16 special motion to strike.[1]  We affirm.

# II. BACKGROUND

On September 9, 2024, plaintiff filed a first amended complaint (the operative complaint) against Rare Bird Books, LLC (Rare Bird), Robert Tyson Cornell (Cornell), and defendant.[2]

On October 11, 2024, defendant filed a demurrer to the first amended complaint.  (§§ 430.10, subd. (e), 1060.)  On October 15, 2024, defendant filed a special motion to strike the single cause of action alleged against it pursuant to section 425.16, the anti-SLAPP statute.  (§ 425.16, subd. (e)(4).)

On January 29, 2025, the trial court conducted a hearing on the demurrer and special motion to strike.  After argument, the court issued an order granting the special motion to strike and dismissed the single cause of action against defendant.  It

---

[1]    Further statutory references are to the Code of Civil Procedure.  We grant plaintiff's request to take judicial notice of the appendix plaintiff filed in case No. B345075.

[2]    Plaintiff designated Cornell, the managing member of Rare Bird, as a respondent on appeal; and Cornell has filed a joinder to defendant's respondent's brief.  The order from which plaintiff appeals, however, did not award Cornell any attorney fees.  We therefore disregard Cornell's joinder as having been filed by a nonparty to the appeal.

then vacated the hearing on the demurrer as moot.  The court ruled that defendant was entitled to attorney fees and costs in connection with the successful anti-SLAPP motion.

On April 3, 2025, defendant moved for an award of $42,205.20 in attorney fees pursuant to the trial court's earlier order and section 425.16, subdivision (c).  Defendant submitted the April 3, 2025, supporting declaration of attorney Milord Keshishian, who testified that the attorney fees and costs "comprised of (a) 57 hours to bring the anti-SLAPP motion costing $27,737.95 and (b) 32.9 hours to bring the instant [m]otion [for attorney fees] costing $14,467.25, an anticipated 20 hours on drafting the [r]eply, and 5 hours in preparing and orally arguing the [m]otion."  Counsel attached copies of time records and detailed billing entries for the following persons:  Milord Keshishian, Shirley Matcha, Cassady Meaghan Ekaphan, Dabrielle Stevens, Marlen Millan-Osuna, and Ling Tang.  Keshishian explained that he had over 26 years of trial experience in intellectual property matters, with an hourly billing rate of $700.  Matcha was an intellectual property associate with an hourly rate of $350.  Stevens and Ekaphan were intellectual property paralegals who billed at an hourly rate of $250.  The Keshishian declaration did not include information about Millan-Osuna and Tang.  He testified that the billing records attached to his declaration were "true and accurate copies of my firm's time records and billing entries for drafting the anti-SLAPP motion and drafting this instant motion."  The combined total billed by Millan-Osuna and Tang was $945.  Defendant later revised its request to $52,215 to include further costs associated with litigating the contested fee motion.

3

On June 30, 2025, the trial court conducted a hearing on the attorney fees motion. The record on appeal does not include a reporter's transcript of the hearing or a suitable substitute such as an agreed or settled statement. Following the hearing, the court issued an order awarding defendant attorney fees. We recite here the entirety of the minute order as it pertains to the attorney fee award: "Defendant is entitled to attorney fees. CCP 425.16(c)(1). *Ketchum* [*v*.] *Moses* (2001) 24 Cal.[4th] 1122, 1132, 1137 [(*Ketchum*)]. The standard of review is reasonableness. [¶] The Court awards $40,000 as a reasonable amount."

On August 13, 2025, plaintiff timely filed a notice of appeal.

### III.   DISCUSSION

A.   *Legal Principles*

A prevailing defendant on a special motion to strike is entitled to recover attorney fees and costs, including fees and costs incurred on appeal. (§ 425.16, subd. (c)(1); *Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 605.) As the moving party, the prevailing defendant seeking attorney fees and costs "'"'bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.' [Citation.]'" … (*Christian Research* [*Institute v. Alnor* (2008)] 165 Cal.App.4th [1315,] 1320.) [¶] … '[T]he verified time statements of [an] attorney[], as [an] officer[] of the court, are entitled to credence in the absence of a clear indication the records are erroneous.' (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 396.)" (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 784–785.)

4

"The issue of a party's entitlement to attorney's fees is a legal issue which we review de novo. [Citations.] However, the determination of the amount of fees to be awarded is reviewed for abuse of discretion." (*Garcia v. Santana* (2009) 174 Cal.App.4th 464, 468–469; accord, *Ketchum*, *supra*, 24 Cal.4th at p. 1130.) ""The "'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.'""" (*Ketchum*, *supra*, 24 Cal.4th at p. 1132.)

"[I]it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); *Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1228; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448.) ""'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

B.    *Analysis*

Plaintiff contends that the trial court abused its discretion when it relied on attorney Keshishian's declaration and

5

supporting exhibits.  According to plaintiff, each attorney and paralegal was obligated to submit a supporting declaration.  He also contends that the court erred in awarding fees for attorney work conducted, in part, on the demurrer and challenges some of the billing records as being duplicative of legal work that was performed on the demurrer.

Plaintiff, however, has failed to provide a reporter's transcript or suitable substitute of the hearing on the attorney fees motion.  Accordingly, he has failed to establish error by an adequate record and we affirm the court's order on this ground. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

## IV.   DISPOSITION

The order granting defendant's request for attorney fees under section 425.16, subdivision (c) is affirmed.  Defendant is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:


BAKER, Acting P. J.


MOOR, J.